## (February 17, 1977)

■ St. Paul Fire and Marine Insurance Company, Respondent, v United States Fidelity and Guaranty Company, Appellant.—Judgment, Supreme Court, New York County, entered on April 16, 1976, affirmed for the reasons stated by Kaplan, J., at Trial Term, with $60 costs and disbursements to respondent. Concur—Stevens, P. J., Kupferman and Silverman, JJ., Murphy and Nunez, JJ., dissent in the following memorandum by Murphy, J.: Plaintiff brought this action to recover damages for the defendant's bad faith in failing to settle the claim of the estate of Knibestol after its insured, Anthony Dachille, had been found liable in negligence by the jury. As a result of the defendant's failure to settle for the maximum amount of its coverage, the plaintiff was ultimately required to pay the sum of $107,155.53 in excess coverage on behalf of Dachille. The underlying negligence actions arose from a collision between a vehicle owned and operated by Rita Perz and one owned by Brookhattan Utilities, Inc., and operated by Anthony Dachille. Conflicting evidence was presented at the consolidated trial as to the cause of the collision. Dachille testified that the Perz vehicle, in the eastbound lane, went out of control and struck his vehicle in the westbound lane. There was no dispute at trial that the impact did occur on Dachille's side of the roadway. On the other hand, testimony was also adduced that Dachille's vehicle was "hedging" or "crowding" the center line immediately prior to the occurrence. In order to avoid Dachille's vehicle, the Perz vehicle allegedly swerved to the right but then veered to the left across the center line into Dachille's oncoming vehicle. Upon the foregoing facts, the jury found Dachille liable; it also dismissed his action against the estate of Perz. The Appellate Division, Second Department, subsequently affirmed the underlying judgments *(Di Tommaso v Brookhattan Utilities,* 41 AD2d 901). The narrow question presented upon appeal is whether the defendant acted in good faith in refusing to settle and in choosing to appeal. After the jury had found Dachille liable and had dismissed his action, he continued to reassure the defendant that Perz alone was negligent. His appeal from the judgment dismissing his action best speaks of his own resolution in this regard. Moreover, in deciding whether to settle or to appeal, the defendant undoubtedly gave significant weight to the uncontroverted fact that the collision occurred on Dachille's side of the road. When viewed in the background of the foregoing considerations, the defendant's choice of appeal rather than settlement was not a totally implausible election on its part but one that had a justifiable basis in the record. While the defendant was unsuccessful on its appeal, the fact remained that the appeal had originally been taken in good faith to test the sufficiency of the evidence with regard to the issue of liability. As a

consequence of the majority's affirmance, insurers will now run the serious risk of being accused of bad faith whenever they choose to appeal rather than settle a future proceeding turning upon a close factual question of liability.